UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| NORTH AMERICAN ELECTRIC RELIABILITY CORPORATION, | ) ) ) | 3:11-cv-00794-LRH-WGC |
| Plaintiff, | ) ) ) | **AMENDED** <br> **MINUTES OF THE COURT** |
| vs. | ) ) | |
| BARRICK GOLDSTRIKE MINES, INC., *et al.*, | ) ) ) | August 20, 2012 |
| Defendants. | ) ) ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN    REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Pursuant to Fed. R. Civ. P. 16 and Local Rule ("LR")16-2, the Court believes that a Rule 16 case management conference in this matter will assist the parties, counsel and the Court. Therefore, a case management conference has be set for **Tuesday, October 23, 2012, at 10:00 a.m.**, before the undersigned Magistrate Judge, Courtroom Number Two, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, Reno, Nevada.

Counsel appearing telephonically for the Case Management Conference shall dial **1-877-873-8017**, enter the access code **3416460**, and enter the security code **102312**.

In preparation for this case management conference, it is hereby ordered as follows:

**A.     Case Management Report**

The parties shall jointly file the case management report with the Clerk of the Court not less than **seven (7) court days** before the case management conference.  It is Plaintiff's responsibility to initiate and prepare the joint case management report, and it is Defendants' and Third-Party Defendants' responsibility to assist in preparation of the case management report.  If the parties cannot agree on the subject matters of the case management report, a statement of each party's position on the disputed topic shall be provided; separate reports shall not be filed.

**MINUTES OF THE COURT**
3:11-cv-00794-LRH-WGC
Date:  August 20, 2012
Page 2

The proposed case management report shall address the following information in separately numbered paragraphs:

1. A short statement of the nature of the case (three pages or less), including a description of each claim or defense;

2. A description of the principal factual and legal disputes in the case;

3. The jurisdictional basis for the case, citing specific jurisdictional statutes;[1]

4. Identification of any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

5. A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the case management conference);

6. Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions;

7. A list of contemplated motions, if any, and an overview statement of issues to be presented by any such motions;

8. The status of related cases, if any, pending before other judges of this Court or before other courts in any other jurisdiction;

---

[1] If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party and the amount in controversy.  *See*, *e.g*., 28 U.S.C. § 1332.  The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides.  *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

MINUTES OF THE COURT
3:11-cv-00794-LRH-WGC
Date:  August 20, 2012
Page 3

    9.    Any further supplemental discussion of necessary discovery, including:

        a.  the extent, nature and location of discovery anticipated by the parties;

        b.  suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26-1(e); and,

        c.  the number of hours permitted for each deposition, unless extended by the parties.

    10.    A discussion, in general, of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (*see* Fed. R. Civ. P. 16(b)(3)(B)(iii); 26(f)(3)(C); and 33(d));

    11.    A discussion, in general, of any issues related to any anticipated possible claims of privilege or work product (*see* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(f)(3)(D));

    12.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons);

    13.    The estimated length of trial and any suggestions for shortening and/or expediting the trial;

    14.    The prospects for settlement, including any request of the Court for assistance in settlement efforts; and,

    15.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed. R. Civ. P. 1.  Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this Court's Local Rules to minimize the expense of discovery.

    **B.**    **Case Management Conference and Order**

The Court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the case management conference.  Counsel who appear at the case management conference shall have authority to enter into stipulations regarding all matters that may be discussed.  Out-of-state counsel may appear telephonically.

**MINUTES OF THE COURT**
3:11-cv-00794-LRH-WGC
Date:  August 20, 2012
Page 4
_____

**C.**     **<u>Interim Status Report</u>**

  Not later than sixty (60) days before the discovery cut-off, the parties shall submit an interim status report providing the Court with any updated information with respect to the matters addressed in their case management report.

**IT IS SO ORDERED.**

                LANCE S. WILSON, CLERK


          By: _____/s/_____
            Katie Lynn Ogden, Deputy Clerk