L. CHRISTOPHER ROSE, ESQ.
Nevada State Bar No. 7500
lcr@juww.com
MICHAEL R. ERNST, ESQ.
Nevada State Bar No. 11957
mre@juww.com
JOLLEY URGA WIRTH WOODBURY & STANDISH
3800 Howard Hughes Parkway, 16th Floor
Las Vegas, Nevada 89169
Telephone:   (702) 699-7500
Facsimile:   (702) 699-7555
*Attorneys for Plaintiff North American Electric Reliability Corporation,
Third Party Defendant Western Electric Coordinating Council, Inc., and
Third Party Defendant Northeast Power Coordinating Council, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| NORTH AMERICAN ELECTRIC RELIABILITY CORPORATION,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>BARRICK GOLDSTRIKE MINES, INC., a Colorado Corporation,<br><br>Defendant and Counterclaimant,<br><br>and<br><br>WESTERN ELECTRIC COORDINATING COUNCIL, a Utah Corporation and NORTHEAST POWER COORDINATING COUNSEL, a New York Corporation<br><br>Third-Party Defendants. | Case No.: 3:11-cv-00794-LRH-WGC<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's Amended Minute Order dated August 20, 2012 (Doc. No. 44), Plaintiff North American Electric Reliability Corporation ("NERC"), Third-Party Defendant

Western Electric Coordinating Council, Inc. ("WECC"), and Third-Party Defendant Northeast Power Coordinating Council, Inc. ("NPCC"), by and through their attorneys, Jolley Urga Wirth Woodbury & Standish, and Defendant Barrick Goldstrike Mines, Inc. ("Barrick"), by and through its attorneys, Parsons Behle & Latimer (all collectively referred to as the "Parties"), submit the following Joint Case Management Report.

1. **STATEMENT OF THE NATURE OF THE CASE**

This case involves a dispute over energy assessments that Barrick allegedly owes NERC as a result of Barrick's mining operations in Storey County, Nevada. Section 215 of the Energy Policy Act of 2005, Pub. L. 109-58, codified at 16 U.S.C. § 824o (the "Act") instructs the Federal Energy Regulatory Commission ("FERC") to certify an Electric Reliability Organization ("ERO"). Under the Act, the ERO is expected to establish and enforce reliability standards for the bulk power system in the United States and parts of Canada and Mexico. FERC ultimately certified NERC as the ERO. Part of NERC's responsibilities as ERO is to allocate dues, fees, and other charges among end users.

In its Complaint, NERC asserts claims (1) for declaratory relief that the Act is valid and enforceable, and requires Barrick's payment of energy assessments under the Act, (2) to recover energy assessments allegedly due from Barrick under the Act, and (3) for unjust enrichment related to the unpaid assessments. *See* Complaint, ¶¶ 28-40 (Doc. No. 1). In response to the Complaint, Barrick counterclaimed and filed a Third-Party Complaint. Barrick asked the Court to declare that (1) the alleged delegation of power by Congress to NERC, WECC and NPCC pursuant to the Act is in violation of the United States Constitution, and (2) that NERC, WECC, and NPCC lack statutory authority over consumers of electric energy, or assuming they do have such authority, that Congress exceeded its enumerated powers under the Constitution and therefore violated the Tenth Amendment to the Constitution. Based on these arguments, Barrick

**JOLLEY URGA WIRTH WOODBURY & STANDISH**
3800 Howard Hughes Parkway, 16th Floor, Las Vegas, Nevada 89169
Telephone: (702) 699-7500  Fax: (702) 699-7555

asked the Court for an injunction prohibiting NERC, WECC and NPCC from registering Barrick under the Act, from enforcing reliability standards against Barrick, and from collecting any fees from Barrick as a consumer of electric energy.  *See* Amended Answer, Counterclaim and Third-Party Complaint, ¶¶ 29-37 (Doc. No. 17).

## 2. DESCRIPTION OF THE PRINCIPAL FACTUAL AND LEGAL DISPUTES

This case appears to involve more legal disputes than factual disputes.  The primary disputes are:

A)  Plaintiff's Statement:

- Whether Barrick is justified in its failure to pay energy assessments imposed under the Act.

- Whether Barrick can properly bring its constitutional challenge of the Act as applied to Barrick in this forum versus exhausting its administrative remedies.

- Whether Barrick's challenge of the constitutionality of the Act is valid given that NERC is not part of the government.

B)  Defendant's Statement:

- Whether the delegation to, and exercise of executive authority by, NERC and its officers, WECC and its officers, and NPCC and its officers, pursuant to the Act, contravenes constitutional principles of separation of powers, the Constitution's Appointments Clause, or the Tenth Amendment to the Constitution.

- Whether NERC, WECC, or NPCC may exercise authority over (*i.e.*, directly bill) retail consumers of the bulk power system.

## 3. JURISDICTIONAL BASIS FOR THE CASE

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because of federal questions arising under the Act.  The Court also has subject matter jurisdiction pursuant to 28

U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, the parties' citizenship is as follows: NERC (New Jersey); WECC (Utah); NPCC (New York); Barrick (Colorado). As to the amount in controversy, NERC alleges that Barrick owes more than $180,000 for unpaid energy assessments.

### 4. PARTIES WHO HAVE NOT BEEN SERVED/APPEARED

n/a

### 5. ADDING ADDITIONAL PARTIES OR AMENDING PLEADINGS

The parties have had extended discussions concerning whether the federal government would need to be joined as a party in order to reach a resolution of the constitutional issues involved in this case. The United States has acknowledged this case but has indicated its belief it is premature to intervene at this time. *See* United States of America's Acknowledgment of Constitutional Challenge (Doc. No. 29). Apart from the possibility of the United States intervening, the Parties do not expect to add additional parties or otherwise amend their respective pleadings in this case at this time.

### 6. PENDING MOTIONS

There are no motions currently pending that would affect the Parties' ability to comply with a case management order.

### 7. CONTEMPLATED MOTIONS

A) NERC, WECC, NPCC:

NERC, WECC and/or NPCC contemplate the possibility of filing a motion to dismiss or motion for summary judgment based, at least in part, on the following:

- Barrick's claims must fail because NERC, WECC and/or NPCC are not part of the government.

- Barrick's claims must fail based on the fact that FERC has the ability to decertify NERC as the ERO.

- Barrick's claims are barred because it has failed to exhaust the appropriate administrative remedies.

B)  <u>Barrick:</u>

Barrick contemplates the possibility of filing a motion to dismiss or motion for summary judgment based, at least in part, on the following:

- NERC, WECC, and/or NPCC may not constitutionally regulate Barrick's use of electricity because they are not sufficiently accountable to the President of the United States for their exercise of executive authority.

- NERC, WECC, and/or NPCC may not constitutionally regulate Barrick's use of electricity because their trustees, officers, and directors were not appointed by the President, a constitutional "Head of Department," or other constitutional authority.

- NERC, WECC, and/or NPCC may not exercise statutory or regulatory authority over retail consumers of electricity.

- To the extent NERC, WECC, and/or NPCC may exercise statutory or regulatory authority over retail consumers of electricity, the Act and/or its implementing regulations violate the Commerce Clause and the Tenth Amendment.

**8.  RELATED CASES**

n/a

**9.  SUPPLEMENTAL DISCUSSION OF NECESSARY DISCOVERY**

a)  <u>Extent, Nature and Location of Discovery</u>

<u>NERC, WECC and NPCC</u>:

NERC, WECC and NPCC will need to depose appropriate representatives of Barrick and conduct written discovery in the form of interrogatories, requests for production of documents and request for admissions.

<u>Barrick</u>:

Barrick will probably need to depose appropriate representatives of FERC, NERC,

WECC, and NPCC, and conduct written discovery in the form of interrogatories, requests for production of documents and request for admissions.

    b)  <u>Suggested Revisions to Discovery Limitations</u>

<u>NERC, WECC and NPCC</u>:

None

<u>Barrick</u>:

None

    c)  <u>Number of Hours for Depositions</u>

The Parties agree to the seven (7) hour limitation set forth in Rule 30 the Federal Rules of Civil Procedure.

**10. ELECTRONICALLY STORED INFORMATION ("ESI")**

Discovery of electronically stored information will be handled under a separate stipulated case management order, the terms of which will be negotiated by the Parties in good faith as soon as reasonably possible.

**11. CLAIMS OF PRIVILEGE OR WORK PRODUCT**

The Parties have agreed to negotiate a protective order to address claims of privilege and/or work product, if necessary. At this time, however, no specific claims have been asserted and no formal agreements have been reached regarding the resolution of anticipated claims of privilege and/or work product.

**12. JURY/BENCH TRIAL**

No request has been made for a jury trial.

**13. ESTIMATED LENGTH OF TRIAL**

<u>NERC, WECC, and NPCC's estimate</u>:
    Plaintiff's case in chief: 1 day
    Barrick's case in chief: 4 to 5 days

Barrick's estimate:
> Plaintiff's case in chief: 1 day
> Barrick's case in chief: 3 to 4 days

### 14. PROSPECTS FOR SETTLEMENT

As the Court is aware, the Parties have engaged in extended settlement discussions throughout this case. On June 7, 2012, the Parties and counsel met in Las Vegas and discussed a possible framework for settlement. This case presents unique challenges because Barrick produces power on a sporadic, as needed basis, only to satisfy the energy requirements of its Goldstrike Mine in Northern Nevada. There are hundreds of NERC-administered reliability standards that apply to entities that generate and transmit electrical power. In addition, certain rules which define thresholds for the applicability of reliability standards are evolving. The challenge for the Parties in this case is to determine which standards, if any, should apply to Barrick and its facilities. Settlement discussions throughout this case have made it evident that this process is necessarily time consuming and requires a high level of technical expertise. Since June 7, 2012, the Parties have continuously worked together exchanging highly technical information in an effort to reach resolution. Discussions have continued and settlement offers continue to be exchanged as of the filing of this report. Upon reaching a general understanding and accord regarding the applicability of standards, a settlement of the remaining issues is plausible.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

K:\CLIENT FILES\LCR\NERC 11218\Barrick Goldstrike Mines 26000\Pleadings\Drafts\12-10-16 Joint Case Management Report (final).docx

**15. ADDITIONAL MATTERS**

No additional matters at this time.

DATED this 16th day of October, 2012.    DATED this 16th day of October, 2012.

JOLLEY URGA WIRTH WOODBURY    PARSONS BEHLE & LATIMER
& STANDISH


/s/ L. Christopher Rose    /s/ Alan S. Mouritsen

By:_____    By:_____  _____
    L. CHRISTOPHER ROSE, ESQ.        MICHAEL R. KEALY, ESQ.
    Nevada State Bar No. 7500        Nevada State Bar No. 971
    MICHAEL R. ERNST, ESQ.        50 West Liberty Street, Suite 750
    Nevada State Bar No. 11957        Reno, Nevada 89501
    3800 Howard Hughes Parkway, 16th Floor        Telephone:    (775) 323-1601
    Las Vegas, Nevada 89169        Facsimile:    (775) 348-7250
    Telephone:    (702) 699-7500
    Facsimile:    (702) 699-7555        *-and-*

*Attorneys for Plaintiff North American*    FRANCIS M. WIKSTROM, ESQ.
*Electric Reliability Corporation, Third*    *(pro hac vice)*
*Party Defendant Western Electric*    ALAN S. MOURITSEN, ESQ.
*Coordinating Council, Inc., and*    *(pro hac vice)*
*Third Party Defendant Northeast*    201 South Main Street, Suite 1800
*Power Coordinating Council, Inc.*    Salt Lake City, Utah 84145
    Telephone:    (801) 532-1234
    Facsimile:    (801) 536-6111

*Attorneys for Defendant/*
*Counterclaimant Barrick Goldstrike*
*Mines, Inc.*

K:\CLIENT FILES\LCR\NERC 11218\Barrick Goldstrike Mines 26000\Pleadings\Drafts\12-10-16 Joint Case Management Report (final).docx